T.C. Summary Opinion 2003-106


UNITED STATES TAX COURT


WILLIAM T. ELLIOTT, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12262-01S.          Filed July 25, 2003.


Tommy E. Swate, for petitioner.

Daniel N. Price, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,530 in petitioner's Federal income tax for 2000. The only issue for decision is whether petitioner is entitled to the earned income credit he claimed.[1]

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed petitioner resided in Corpus Christi, Texas.

In 2000, petitioner lived with Glennie Huff and her two sons, Ashton Huff and Marquin Huff. Petitioner and Ms. Huff were never married in an official marriage ceremony, nor were they issued a valid marriage license. Petitioner is not the biological father of Ashton or Marquin, and no State placed them with him as foster children.

Petitioner filed his Federal income tax return as head of household claiming dependency exemption deductions for Ashton and Marquin and an earned income credit naming Ashton and Marquin as qualifying children. Respondent issued a notice of deficiency

---

[1] The Court need not address whether petitioner is entitled to head of household filing status or dependency exemption deductions because, with the standard deduction and a single personal exemption, petitioner had zero taxable income and zero tax liability for the year in issue. As a result, neither petitioner's filing status nor any deductions bear on the outcome of this case.

determining that petitioner is not entitled to deductions for dependency exemptions, head of household filing status, and earned income credit because he failed to provide substantiation for his claims.

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Under section 7491(a)(1), however, the burden of proof shifts to the Commissioner if, among other requirements, the taxpayer introduces "credible evidence with respect to any factual issue relevant to ascertaining" his tax liability. The Court finds that the burden of proof does not shift to respondent because petitioner has failed to comply with the requirements of section 7491(a)(1).

Under section 32, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Section 32(a)(2) and (b) limits the credit allowed based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

Initially, petitioner argues that because he treated Ashton and Marquin similarly on previous unchallenged returns, his consistent treatment should not now be questioned. Each taxable year, however, stands alone, and the Commissioner may challenge in a succeeding year what was condoned or agreed to in a former

year.  Rose v. Commissioner, 55 T.C. 28 (1970).  Thus, a taxpayer must follow the reporting requirements in any given taxable year to be entitled to a credit even if the Commissioner did not challenge a similarly claimed credit in a prior year.  As a result, what happened with petitioner's past tax returns is not relevant to the decision in this case.

Respondent argues that petitioner had no qualifying children in 2000 because no individual met the relationship and residency requirements of section 32(c)(3).

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish:  (1) The child bears the relationship to the taxpayer prescribed by section 32(c)(3)(B); (2) the child meets the age requirements of section 32(c)(3)(C); and (3) the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

As is relevant to the relationship test, the definition of a qualifying child includes a child or a stepchild of the taxpayer. Sec. 32(c)(3).  Petitioner's position is that Ashton and Marquin were qualifying children for purposes of the earned income credit because they are his stepchildren.  Petitioner claims they qualify as his stepchildren because he and Ms. Huff were in a valid "common law" marriage pursuant to the laws of the State of

Texas. Respondent's position is that their "common law" marriage does not comport with the requirements of the statute.

Section 2.401 of the Texas Family Code provides a three part conjunctive test to determine if a man and a woman are in a valid "common law" marriage. The third part of the "common law" test requires the couple to hold themselves out to others as though they were married. Tex. Fam. Code Ann. sec. 2.401 (Vernon 2002). In McChesney v. Johnson, 79 S.W.2d 658, 659 (Tex. Civ. App. 1934) the court stated that "the agreement is fundamental and cohabitation is an element, but the holding out to the public as being man and wife is the acid test." A couple's conduct and actions alone are sufficient to satisfy this element; whereas spoken words are not necessary to establish marital status. Winfield v. Renfro, 821 S.W.2d 640, 648 (Tex. App. 1991). When questioned by respondent's counsel whether she held herself out to others as being married to petitioner, Ms. Huff testified that she did not hold herself out to third parties, or tell anyone, that she and petitioner were married.

The Court finds, therefore, that petitioner was not married, common law or otherwise, to Ms. Huff in 2000. As a result, the Court also finds that Ashton and Marquin, for purposes of section 32, were not petitioner's stepchildren. Because petitioner has not established that Ashton or Marquin met the relationship test

established in section 32(c)(3)(B), he has no qualifying children for purposes of the earned income credit.

If petitioner had established that he is married, common law or otherwise, he then would be precluded from claiming the earned income credit because married persons must file a joint return if they wish to claim an earned income credit.  Sec. 32(d).

Petitioner is, however, eligible for an earned income credit as an individual with no qualifying children under section 32(c)(1)(A)(ii) because his adjusted gross income in 2000 was in excess of the threshold phaseout amount but below the complete phaseout amount prescribed by section 32(a)(2).  The earned income credit begins to phaseout for individuals with no qualifying children and adjusted gross income in excess of $5,770 for 2000.  See sec. 32(a) and (b); see also Rev. Proc. 99-42, 1999-2 C.B. 568.  The earned income credit is completely phased out for individuals with no qualifying children and adjusted gross income in excess of $10,380 for 2000.  See sec. 32(a) and (b); see also Rev. Proc. 99-42, 1999-2 C.B. 568.  Petitioner had adjusted gross income of $6,347 in 2000.  The Court holds, therefore, that petitioner is entitled to an earned income credit as an individual with no qualifying children.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.